## Columbia National Bank, Appellant, *v.* Dunn.

*Res adjudicata—Indorsements on notes—Affidavit of defense.*

While a decree on a bill in equity to cancel indorsements on promissory notes, dismissing the bill after a full hearing on the merits is res adjudicata against the indorser in a subsequent suit on the notes, judgment cannot be entered against the indorser for want of a sufficient affidavit of defense, if it appears from the statement and the affidavit of defense that an appeal from the decree in the equity suit was still pending when the affidavit of defense was filed.

Argued Nov. 3, 1903. Appeal, No. 116, Oct. T., 1903, by plaintiff, from order of C. P. No. 2, Allegheny Co., Oct. T., 1901, No. 849, discharging rule for judgment for want of a sufficient affidavit of defense in case of Columbia National Bank v. William T. Dunn. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit against indorser of promissory notes.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*A. Leo. Weil* with him *Charles M. Thorp*, for appellant.— Matters in the affidavit of defense were adjudicated in the equity suit: Larkins v. Lindsay, 205 Pa. 534 ; Kelsey v. Murphy, 26 Pa. 78 ; Williams v. Row, 62 Pa. 118 ; Westcott v. Edmunds, 68 Pa. 34 ; Weigley v. Coffman, 144 Pa. 489.

*S. Schoyer, Jr.*, with him *John P. Hunter*, for appellee, cited : Henry v. Lynde, 12 Pa. C. C. Rep. 189 ; Twitchell v. Mc-Murtrie, 77 Pa. 383 ; Smalley v. Morris, 157 Pa. 349.

OPINION BY MR. JUSTICE BROWN, January 4, 1904 :

By a bill filed by the appellee on the equity side of the same court in which this suit was brought against him he asked for a decree that his indorsements on the notes be declared null and void ; that the bank, the present appellant, be perpetually enjoined from taking any legal steps to collect from him the amounts due on the notes, and that it be decreed to cancel and strike off his indorsements thereon. In his bill he set up as reasons why he should be relieved from liability for his indorsements identically the same facts that now appear in his affidavit of defense. The bill was dismissed after a full hearing, the conclusion of the referee, affirmed by the court, having been that his indorsements were binding upon him and that the bank had a right to compel him to pay " without restriction or delay." Upon appeal to us, we held, in affirming the decree below, 204 Pa. 53 : " We accordingly conclude that the plaintiff by reason of his acts of affirmance of the contracts, his waiver of protest, the indorsement of renewal notes, the giving of the mortgage upon his own property and that of his wife, and securing an extension of time of some two years, had lost his right to rescind his contract of indorsement, and is taken to have affirmed the same with full knowledge of all the facts upon which he now relies, and, therefore, the said contracts of indorsement and the mortgages given by him and his wife are binding upon him." From this it is plain that the defense now

set up is res adjudicata and can no longer avail the defendant. The material matters in the bill are the material matters in this issue, and by the decree against him in the equity suit the appellee is concluded. Out of innumerable authorities supporting this, reference is made to the following : Kelsey v. Murphy, 26 Pa. 78; Williams v. Row, 62 Pa. 118 ; Westcott v. Edmunds, 68 Pa. 34; Weigley v. Coffman, 144 Pa. 489 ; Larkins v. Lindsay, 205 Pa. 534.

But the question now before us is simply whether the court below properly withheld judgment against the defendant when asked to enter it for want of a sufficient affidavit of defense. Though it does appear in plaintiff's statement that the final decree of the common pleas had been made in the equity suit, no reference is made to the appeal from that decree to this court. The affidavit of defense, however, does aver that such appeal was pending and undisposed of. The decree of the common pleas was not, therefore, at the time the affidavit of defense was filed res adjudicata, and, in determining later on whether judgment should be entered for want of a sufficient affidavit of defense, the court could consider nothing except what appeared from the plaintiff's statement and the defendant's affidavit of defense. Though the final disposition of the equity suit may have been brought to the attention of the court below, as it has been brought to ours, all that could be learned from the record in this case was that it was still pending. Judgment for the plaintiff for that reason was properly withheld, and we now affirm the order of the court below discharging the rule to show cause.