In re Louis H. LEVITT, Freda Cook Levitt, Debtors.

Matthew and Regina OSTER, Plaintiffs,

v.

Louis H. LEVITT and Freda Cook Levitt, Defendants.

Bankruptcy No. 79–1581EG.

United States Bankruptcy Court, E. D. Pennsylvania.

March 15, 1982.

---

See also, 18 B.R. 595.

Thomas B. Rutter, Philadelphia, Pa., for plaintiffs, Matthew and Regina Oster.

Arthur E. Dennis, Weissman, Kozart & Criden, Philadelphia, Pa., for debtors/defendants Louis H. Levitt and Freda Cook Levitt.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issues before us are (1) whether a state court adjudication, finding that the debtor breached his fiduciary duty to the plaintiffs, has a collateral estoppel effect on a determination by the bankruptcy court concerning the nondischargeability of a debt under § 17(a)(4) of the former Bankruptcy Act ("the Act") and (2), if so, whether the debt which arose as a result of the debtor's breach of his fiduciary duty falls within the provisions of § 17(a)(4) and is, consequently, nondischargeable. We conclude that the state court decision is entitled to a collateral estoppel effect and that the debt in question is nondischargeable pursuant to § 17(a)(4) of the Act.

The facts of the instant case are as follows:[1] In February, 1975, Matthew and Regina Oster ("the plaintiffs") instituted

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

suit against Louis H. Levitt ("the debtor"), a member of the Philadelphia bar, in the Court of Common Pleas, Philadelphia County. That suit arose as a result of a dispute over the debtor's handling of the proceeds of the estate of one of the plaintiffs' deceased mother and various other funds entrusted by the plaintiffs to the debtor, who was acting as their attorney at that time. On December 13, 1979, Judge Harry A. Takiff, of the Court of Common Pleas of Philadelphia County, rendered an adjudication and order in that case finding that the debtor had breached his fiduciary duty to the plaintiffs and that, as a result of that breach, the debtor was liable to the plaintiffs in the amount of $7,458.26 plus certain items of interest.[2] The debtor filed exceptions to Judge Takiff's order and, after consideration of those exceptions, Judge Takiff modified his order only to the extent of the amount found to be due to the plaintiffs [3] and dismissed the debtor's other exceptions. The debtor thereafter filed an appeal of that order to the Pennsylvania Superior Court and the plaintiffs filed a motion to quash that appeal.

On August 21, 1979, prior to Judge Takiff's opinion in the state court action, the debtor and his wife filed a petition for an arrangement under chapter XI of the Act.[4] The debtor failed to notify the plaintiffs or the state court of the pendency of the chapter XI proceeding until May, 1980, when he mentioned those proceedings in his answer to the plaintiffs' motion to quash his appeal of Judge Takiff's order. The plaintiffs thereupon filed a complaint in this court seeking a determination that the debt owed by the debtor to the plaintiffs is nondischargeable pursuant to § 17(a)(4) of the Act.[5] At the hearing held on that complaint, we continued this case generally pending a decision by the Pennsylvania Superior Court on the debtor's appeal. Thereafter, that court, in a per curiam order, granted the plaintiffs' motion to quash the debtor's appeal.[6]

The threshold issue presented herein is what effect the state court decision has on our determination of whether the debt in question is nondischargeable pursuant to § 17(a)(4) of the Act. That section provides, in relevant part:

a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as

.    .    .    .    .

(4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity.

The plaintiffs assert that, on the issue of whether there was a defalcation by the debtor while acting in a fiduciary capacity, the state court decision is entitled to a *res judicata* or collateral estoppel effect.

2. The items of interest included interest which had accrued on a certain certificate of deposit and savings account which represented the moneys entrusted to the debtor by the plaintiffs.

3. Judge Takiff modified his order by providing the debtor with an additional credit of $228.96 leaving $7,229.30 plus the interest items as the amount due the plaintiffs.

4. While the Bankruptcy Act has been superseded by the Bankruptcy Code as of October 1, 1979, the provisions of the Act still govern petitions filed before that date. The Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, § 403, 92 Stat. 2683 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

5. Although Freda Cook Levitt is also named as a defendant in the instant complaint and is a debtor in the chapter XI proceeding, the plain-tiffs have not asserted in their complaint that there are any grounds for a finding of nondischargeability as to any debt owed by Freda Levitt. In fact, in their prayer for relief, the plaintiffs requested only a determination of the nondischargeability of the debt owed by Louis Levitt. Furthermore, there was no evidence presented before us or the state court (Freda Levitt was not even named as a defendant in the state court action) on which to base a finding of nondischargeability of any debt owed by Freda Cook Levitt. Therefore, in our opinion and order, we are addressing only the issue of the nondischargeability of the debt owed by the debtor, Louis H. Levitt, to the plaintiffs.

6. *Oster v. Levitt*, No. 1861 February Term, 1975 (renumbered No. 531 Philadelphia 1980) (Pa. Super.Ct. April 1, 1981).

*Res judicata* is a general doctrine whereby multiple litigation is sought to be avoided:

Res judicata ensures the finality of decisions. Under res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.[7]

Collateral estoppel, however, is a narrower term.

Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.[8]

Thus, while *res judicata* bars relitigation of all related issues which were or could have been litigated in a prior case, collateral estoppel bars only the relitigation of issues which were actually decided in the prior case.

In *Brown v. Felsen*,[9] the United States Supreme Court held that the doctrine of *res judicata* does not apply in a complaint under § 17(a)(2) and (4) of the Act to bar the bankruptcy court from considering any issues or evidence in addition to a state court record in a suit charging the bankrupt with fraud, deceit and malicious conversion. However, the Supreme Court did not hold that the doctrine of collateral estoppel would not apply in such a case. In this respect, the Court stated:

This case concerns res judicata only, and not the narrower principle of collateral estoppel. Whereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit .... If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17, then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.[10]

We conclude from the above, therefore, that collateral estoppel may be applicable in a case under § 17(a)(4) of the Act.[11] To apply the doctrine of collateral estoppel, however, four elements must be present:

Thus, there are at least four requirements which must be met before collateral estoppel effect can be given to a prior action: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment.[12]

In the case at bench, the issue presented by the complaint under § 17(a)(4) is whether the debtor committed a defalcation while acting in a fiduciary capacity. This is the same issue as that which was before Judge Takiff and which was actually and necessarily litigated by the debtor and the plaintiffs in the state court action. In deciding that issue, Judge Takiff stated "We emphasize that our comments are not meant to infer a finding of intentional wrongdoing by the defendant. However, we cannot condone the manner in which defendant has discharged his fiduciary re-

---

**7.** *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979).

**8.** *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979).

**9.** 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

**10.** *Id.* at 139 n. 10, 99 S.Ct. 2213 n. 10 (citations omitted).

**11.** *Cf. In re Peterman*, 5 B.R. 687, 6 B.C.D. 851, 2 C.B.C.2d 1048 (Bkrtcy.E.D.Pa.1980).

**12.** *Haize v. Hanover Ins. Co.*, 536 F.2d 576, 579 (3d Cir. 1976).

sponsibilities." [13] We conclude that that finding, together with the judge's ruling that there was a shortage in the funds held by the debtor for the plaintiffs, is sufficient to establish that the debtor committed a defalcation. Under § 17(a)(4), a defalcation does not require any intentional wrongdoing on the part of the debtor that would amount to fraud, embezzlement or misappropriation.[14] Rather, a defalcation may be found where, as in the instant case, the debtor has misapplied funds held by him as a fiduciary under the belief that he is authorized to do so. In *Central Hanover Bank & Trust Co. v. Herbst,*[15] Judge Learned Hand stated:

> Colloquially perhaps the word, "defalcation," ordinarily implies some moral dereliction, but in this context it may have included innocent defaults, so as to include all fiduciaries *who for any reason were short in their accounts* .... Whatever was the original meaning of "defalcation," it must here have covered other defaults than deliberate malversations, else it added nothing to the words, "fraud or embezzlement." [16]

In his adjudication and order, Judge Takiff, although unable to find any intentional wrongdoing on the part of the debtor, found that the debtor was short in his accounting for the funds which he was holding as a fiduciary for the plaintiffs. This, we conclude, was a defalcation within the meaning of § 17(a)(4) of the Act. Therefore, we conclude that the issue of whether there was a defalcation by the debtor while he was acting as a fiduciary was actually litigated and decided by Judge Takiff's decision in the state court action. Furthermore, since the appeal of Judge

Takiff's decision has been quashed, we conclude that that ruling is a valid and final judgment.

As a result of all of the above, we conclude that the decision in the state court action between the plaintiffs and the debtor established that the debtor committed a defalcation while he was acting in a fiduciary capacity. We further conclude that that decision is entitled to collateral estoppel effect and that, consequently, the debt which arose as a result of that defalcation is nondischargeable pursuant to § 17(a)(4) of the Act.

---

**13.** *Oster v. Levitt,* No. 1861 February Term, 1975, slip op. at 17 (Ct.Com.Pl. Dec. 13, 1979).

**14.** *See* 1 A Collier on Bankruptcy ¶ 17.24 (14th ed. 1978).

**15.** *See, e.g., Central Hanover Bank & Trust Co. v. Herbst,* 93 F.2d 510 (2nd Cir. 1937), *aff'g., In re Herbst,* 22 F.Supp. 353. (S.D.N.Y.).

**16.** In general, the issue of whether a judgment is final or not is determined by the law of the rendering forum. *See, e.g., In re Meade Land & Dev. Co., Inc.,* 1 B.R. 279, 5 B.C.D. 991

(Bkrtcy.E.D.Pa.1979), *citing, Vanston Bondholders Protective Comm. v. Green,* 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162 (1946). Under Pennsylvania law, for the purposes of res judicata and collateral estoppel, a judgment is not a valid and final judgment while an appeal from that judgment is still pending. *See, e.g., U. S. v. Employers Mut. Liab. Ins. Co.,* 495 F.Supp. 840 (W.D.Pa.1980), *citing, Bryar v. Campbell,* 177 U.S. 649, 654, 20 S.Ct. 794, 796, 44 L.Ed. 926 (1900); *Columbia Nat'l Bank v. Dunn,* 207 Pa. 548, 56 A. 1087 (1904).