In re Louis H. LEVITT, Freda Cook Levitt, Debtors.

SPECTRA–VISION CORPORATION, Plaintiff,

v.

Louis H. LEVITT and Freda Cook Levitt and Arthur Edward Dennis, Esq., Defendants.

Bankruptcy No. 79–1851G.

United States Bankruptcy Court, E. D. Pennsylvania.

March 24, 1982.

See also, Bkrtcy., 18 B.R. 598.

**596**

Hy Mayerson, Spring City, Pa., for plaintiff, Spectra-Vision Corp.

Arthur Edward Dennis, Philadelphia, Pa., pro se. and for defendants/debtors, Louis H. Levitt and Freda Cook Levitt.

1. This opinion constitutes the findings of facts and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. The stockholders who brought the derivative action are: Anthony M. Fiori, Rita K. Fiori,

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issues presented in this case are: (1) whether a state court decision finding that the debtors had breached their fiduciary duty to the plaintiff and had fraudulently converted to their own use funds which belonged to the plaintiff is entitled to a collateral estoppel effect on a decision by the bankruptcy court concerning the non-dischargeability of a debt under § 17(a)(4) of the Bankruptcy Act ("the Act"), (2), if so, whether the debt which arose as a result of the state court decision falls within the provisions of § 17(a)(4) and is, consequently, nondischargeable and (3) whether the plaintiff is entitled to relief from the automatic stay to permit it to enforce that state court judgment against the debtors' residence. We conclude that the state court decision is entitled to a collateral estoppel effect, that the debt represented by the state court judgment is nondischargeable pursuant to § 17(a)(4) and that the plaintiff is entitled to relief from the stay to enforce that judgment.

The facts of this case are as follows:[1] In May, 1974, some of the stockholders[2] of Spectra-Vision Corporation ("the corporation") instituted a derivative action in the Court of Common Pleas of Philadelphia County against the corporation and against Louis H. and Freda Cook Levitt ("the debtors"). The plaintiffs in that action alleged that the debtors, as officers and directors of the corporation, had breached their fiduciary duties to the corporation and had fraudulently converted to their own use certain funds that belonged to the corporation. On December 16, 1977, Judge Edward J. Blake, of the Court of Common Pleas, rendered an adjudication and order in that case finding that the debtors "have committed fraud and deception, gross neglect, committed a breach of trust and breached their high

Anthony J. Klock, Thomas C. Nicholas, III, Joseph G. Papiro, Theodore Papiro, Joseph M. Leddy, T. Dixon Byecroft, John R. Fox and Robert T. Fiori.

duty as fiduciaries to the plaintiffs and defendant-corporation by the willful and fraudulent mismanagement of Spectra-Vision Corporation, by misappropriating corporation assets to their own personal benefit, and in authorizing Mr. Levitt's excessive fees for professional legal work for the corporation which was insubstantial."[3] As a result of those findings, Judge Blake directed the debtors to return to the corporation the stock they held therein, to pay to the corporation $73,000.00 to reimburse it for the losses and damages sustained by reason of the debtors' fraud, deceptive practices and misconduct and to pay the costs and attorneys' fees incurred by the plaintiffs and corporation in the course of the action in the state courts.

The debtors filed exceptions to Judge Blake's adjudication which were denied by him on April 24, 1978. The corporation thereafter commenced execution proceedings against the debtors and their residence to enforce the judgment. The debtors appealed Judge Blake's decision and order but were unable to stop the execution proceedings against their residence. Consequently, on August 21, 1979, the debtors filed a petition for an arrangement under chapter XI of the Bankruptcy Act[4] which operated as a stay of the corporation's actions against the debtors' property.[5] The corporation subsequently filed a complaint in this court seeking a determination that the debt owed to it by the debtors pursuant to the state court adjudication and order was non-dischargeable under § 17(a)(4) of the Act. The corporation also requested relief from the stay to permit it to proceed to enforce its judgment against the debtors' residence.[6]

At the trial held on that complaint we held that, inasmuch as the debtors' appeal of the state court adjudication had not been decided, Judge Blake's order was not final so as to serve as the basis of a determination by us that the debt based thereon was nondischargeable. Accordingly, we held the case under advisement pending the resolution of the debtors' appeal in the state courts. Since that time, the Pennsylvania Superior Court dismissed the debtors' appeal by a judgment of non pros and the debtors' petition to vacate that judgment and for reinstatement of their appeal was subsequently denied by the Superior Court. Subsequently, the Pennsylvania Supreme Court denied the debtors' petition to appeal the Superior Court's decision. Although the debtors thereafter filed a petition for reconsideration with the Pennsylvania Supreme Court, that petition was also denied. Consequently, we conclude that the instant case is presently in a position for a determination by us of the nondischargeability of the debt represented by the state court judgment.

As we held in *Oster v. Levitt*,[7] a state court decision may have a collateral estoppel effect on a decision by the bankruptcy court as to the nondischargeability of a debt under § 17(a)(4) of the Act.[8] In order to have such a collateral estoppel effect, however, certain conditions must be met:

> Thus, there are at least four requirements which must be met before collateral estoppel effect can be given to a prior action: (1) the issue sought to be preclud-

---

**3.** *Anthony M. Fiori, et al. v. Freda Cook Levitt, et al.*, No. 1775 May Term, 1974, slip op. at 55 (Ct.Com.Pl. Dec. 16, 1977).

**4.** While the Bankruptcy Act has been superseded by the Bankruptcy Code as of October 1, 1979, the provisions of the Act still govern petitions filed before that date. The Bankruptcy Reform Act of 1978, Pub.L.No.95–598, § 403, 92 Stat. 2683 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

**5.** Rule 11–44(a) of the Rules of Bankruptcy Procedure.

**6.** The corporation also sought sanctions against the debtors and their counsel, Arthur E. Dennis, Esquire, for allegedly misusing the Bankruptcy Act by filing under chapter XI merely to stop the corporation's execution proceedings against the debtors. At the hearing held herein, the corporation withdrew its request for sanctions.

**7.** Bankr. No. 79–1581EG, 18 B.R. 598 (E.D.Pa. March 15, 1982).

**8.** *Id.*, at 598.

ed must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment.[9]

■■■ In the case at bench, the issue which was decided by the state court—i.e., whether the debtors committed fraud, deception and breached their fiduciary duty— is the same as that which we must decide in a case under § 17(a)(4).[10] Furthermore, that issue was actually litigated in the state court and the determination that the debtors committed fraud, deception and a breach of their fiduciary duties was essential to Judge Blake's adjudication and order. Finally, we conclude that the state court decision is a valid and final judgment. The Pennsylvania Superior Court's order dismissing the debtors' appeal and the Pennsylvania Supreme Court's denial of the debtors' petition for allowance of appeal and petition for reconsideration means that the debtors' appeal is no longer pending.[11]

Thus, we conclude that the state court adjudication finding that the debtors committed fraud and deception and breached their fiduciary duties to the corporation is entitled to a collateral estoppel effect and that, as a result, the debt owed to the corporation by the debtors represented by the state court decision is nondischargeable pursuant to § 17(a)(4) of the Act.[12]

■■■ With respect to the corporation's request for relief from the stay, we conclude that that relief should be granted. At the hearing held herein, the debtors admitted that, if the corporation's judgment against them is upheld by the Pennsylvania appellate courts, then that judgment is a lien on the debtors' residence resulting in the debtors having no equity in that property. Therefore, because the debtors have no equity in their residence and because the debt owed to the corporation is nondischargeable, we conclude that there is no reason to protect that property by staying execution against it. We will, consequently, modify the stay to permit the corporation to continue with execution proceedings against the debtors and their residence.

---

**9.** *Haize v. Hanover Ins. Co.*, 536 F.2d 576, 579 (3d Cir. 1976).

**10.** Section 17(a)(4) of the Act provides:

(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as

\* \* \* \* \* \*

(4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity.

11 U.S.C. § 35(a)(4) (repealed 1978). *See also,* § 371 of the Act which provides that § 17(a)(4) is applicable to a case under chapter XI. 11 U.S.C. § 371 (repealed 1978).

**11.** In general, the issue of whether a judgment is final or not is determined by the law of the rendering forum. *See, e.g., In re Meade Land & Dev. Co., Inc.,* 1 B.R. 279, 5 B.C.D. 991 (Bkrtcy.E.D.Pa.1979), *citing, Vanston Bondholders Protective Comm. v. Green,* 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162 (1946). Under Pennsylvania law, for the purposes of res judicata and collateral estoppel, a judgment is not a valid and final judgment while an appeal from that judgment is still pending. *See, e.g., U. S. v. Employers Mut. Liab. Ins. Co.,* 495 F.Supp. 840 (W.D.Pa.1980), *citing, Bryar v. Campbell,* 177 U.S. 649, 654, 20 S.Ct. 794, 796, 44 L.Ed. 926 (1900); *Columbia Nat'l Bank v. Dunn,* 207 Pa. 548, 56 A. 1087 (1904).

**12.** *See* note 9 *supra.*