991 F.2d 1102
 Robert Jeffrey LINNEN, Appellant,
v.
Troopers John ARMAINIS; George J. Titler; Walter B. Davis;
Daniel Mamrose; Norman Hilf; Det. Robert
McKeown; Elizabeth Hoover, In Their
Individual and Official
Capacities, Appellees.
 No. 92-3350.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6) Dec. 18, 1992.
Decided April 9, 1993.
 
 Robert J. Linnen, pro se.
 Mark F. Haak, Pietragallo, Bosick & Gordon, Pittsburgh, PA for appellees Det. Robert McKeown and Elizabeth Hoover.
 Ernest D. Preate, Jr., Atty. Gen., Gloria A. Tischuk, Deputy Atty. Gen., Calvin R. Koons, Sr. Deputy Atty. Gen., John G. Knorr, III, Chief Deputy Atty. Gen., Chief, Litigation Section, Office of Atty. Gen., of Pennsylvania, Pittsburgh, PA, for appellees Troopers John Armainis, George J. Titler, Walter B. Davis, Daniel Mamrose and Norman Hilf.
 Present: SLOVITER, Chief Judge, HUTCHINSON and ROTH, Circuit Judges,
 OPINION OF THE COURT
 HUTCHINSON, Circuit Judge.
 
 I.
 
 1
 Robert Jeffrey Linnen (Linnen) appeals an order of the United States District Court for the Western District of Pennsylvania granting summary judgment to appellee police officers John Armainis, George J. Titler, Walter B. Davis, Daniel Mamrose, Norman Hilf, Robert McKeown, and Elizabeth Hoover (collectively the "officers"). The issue presented on appeal is whether Linnen's guilty plea to state possessory offenses precludes the civil rights claim he brought under 42 U.S.C.A. § 1983 (West 1981) for violation of his constitutional rights under the Fourth and Fourteenth Amendments. His § 1983 claim is based on the state's search and seizure of property for use as evidence against Linnen in the state criminal case in which he entered his guilty plea. In that criminal case, Linnen, while represented by counsel, had filed pro se motions to suppress the items the officers had seized but entered his guilty plea before those motions were decided. If Linnen had been successful in suppressing the evidence he claims the officers seized unconstitutionally, he would have had a complete defense to the possessory offenses charged against him in the state criminal case.
 
 
 2
 The state court that had accepted Linnen's guilty plea in the criminal case later denied his post-conviction attack on counsel's alleged ineffectiveness for failing to challenge the constitutionality of the officers' seizure of Linnen's property as evidence of crime. Linnen appealed, and that appeal is still pending in the state's intermediate appellate court as of the date of this opinion.
 
 
 3
 After the appeal was filed, the magistrate judge to whom the instant § 1983 case was referred concluded that Linnen's voluntary guilty plea "precludes a subsequent § 1983 action challenging the search and seizure of the evidence which was the object of the abandoned suppression motions." He therefore recommended that the district court grant the officers' motion for summary judgment. Linnen v. Armainis, No. 91-652, Magistrate's Report and Recommendation, at 8 n. 1 (W.D.Pa. May 11, 1991) (hereinafter "Magistrate's Report and Recommendation"). In doing so, the magistrate judge relied in part on the state court's order denying the PCRA petition that is the subject of Linnen's pending state appeal. The district court adopted the magistrate judge's recommendation and entered summary judgment for the officers.
 
 
 4
 We hold that the district court incorrectly decided that Linnen's guilty plea precluded him on the issue of the unconstitutionality of the search. We also hold that it erred in relying on the order that is the subject of Linnen's PCRA appeal as precluding his civil rights action. The Court of Common Pleas of Allegheny County's order denying his petition for post-conviction relief does not decide whether the officers' search and seizure of any of Linnen's personal property violated the Constitution. Nevertheless, a final disposition of Linnen's pending state appeal of that order may or may not be preclusive on the constitutionality of the search and seizure. If it is, it could determine his § 1983 action one way or the other. Therefore, in order to avoid unnecessary conflict with a final decision of a state court that may affect the constitutional question, we will vacate the district court's order and remand with instructions to stay this action pending final resolution of Linnen's state court appeal from the denial of his petition for post-conviction relief.
 
 II.
 
 5
 The district court exercised federal question jurisdiction over Linnen's civil rights claim pursuant to 28 U.S.C.A. §§ 1331, 1343(a)(3), (4). This Court exercises appellate jurisdiction under 28 U.S.C.A. § 1291.
 
 III.
 
 6
 In January 1990, Linnen pled guilty to three separate criminal informations charging him with twelve counts of violating the Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa.Stat.Ann. §§ 780-101 to 780-144 (Purdon 1977 & Supp.1992), three counts of firearms violations, and two counts of criminal conspiracy. In March 1990, Linnen pled guilty to three additional controlled substance charges and one additional criminal conspiracy charge. The Court of Common Pleas of Allegheny County sentenced Linnen to an aggregate five- to ten-year prison term. He filed a pro se motion for modification and reconsideration of his sentence, which was denied.
 
 
 7
 Instead of pursuing a direct appeal, Linnen, in August 1990, filed a pro se petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa.Cons.Stat.Ann. §§ 9541-9546 (Purdon 1982 & Supp.1992). Appointed counsel filed an amended petition in April 1991. The court of common pleas denied this petition on January 29, 1992. Linnen's appeal from the denial of PCRA relief is currently pending before the Superior Court of Pennsylvania.
 
 
 8
 On April 12, 1991, Linnen commenced this federal action under 42 U.S.C.A. § 1983 against seven police officers. In it, he claimed that their search of his apartment and his subsequent arrest on the charges to which he pled guilty violated his rights under the Fourth and Fourteenth Amendments to the Constitution. He sought $1,500.00 in compensatory damages and $2,000.00 in punitive damages against each of the seven officers.
 
 
 9
 The officers filed a motion to dismiss Linnen's civil rights complaint, asserting the defense of collateral estoppel or issue preclusion. In support, they argued that Linnen's guilty plea determined the issue of their liability for the constitutional torts he claims they committed against him when they seized his property and arrested him. In the alternative, they asked the district court to stay the § 1983 action pending resolution of Linnen's state PCRA proceedings.[1] The case was referred to a magistrate judge.
 
 
 10
 Initially, on September 19, 1991, the magistrate judge filed a report recommending that the officers' motion to dismiss be denied but that the action be stayed pending resolution of the state PCRA proceedings. The officers filed objections to the magistrate's report along with a motion for reconsideration. To their motion and objections they attached papers from the state court record concerning Linnen's pro se motions to suppress evidence obtained during the allegedly illegal search. Linnen responded with objections to the officers' motion. On April 21, 1992, the district court accepted the magistrate's recommendation and denied the officers' motion to dismiss, but stayed Linnen's action pending a final decision in Linnen's PCRA proceedings.
 
 
 11
 Thereafter, the officers filed a "Status Report" advising the district court that the court of common pleas had denied Linnen's PCRA petition, and that an appeal of its denial was pending before the superior court. The magistrate judge then issued a new report in which he recommended that the officers' objections to his prior report be treated as motions for summary judgment which should be granted on grounds of collateral estoppel. Linnen filed objections to the magistrate judge's new report and with them presented his own motion for partial summary judgment. The magistrate judge recommended Linnen's motion be denied. The district court adopted the magistrate judge's new report and recommendation and granted summary judgment in favor of all the officers. Linnen filed a timely notice of appeal.
 
 IV.
 
 12
 The district court's order granting summary judgment is subject to plenary review. Accordingly, this Court applies the same test that the district court utilized in rendering its decision. Sacred Heart Medical Center v. Sullivan, 958 F.2d 537, 543 (3d Cir.1992) (citing Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir.1976), cert. denied, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977)). Summary judgment should be granted where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 A.
 
 13
 Because Linnen had the opportunity to litigate his suppression motions but failed to do so, the district court concluded his guilty plea bars his § 1983 action under principles of issue preclusion. Therefore, we must first consider whether "[p]laintiff's decision to plead guilty rather than proceed with his motion to suppress is the equivalent, in this case, of an admission that the motion to suppress was meritless." Magistrate's Report and Recommendation, at 6-7.
 
 
 14
 Under Pennsylvania law, a guilty plea constitutes an admission to all facts alleged in the indictment. Commonwealth Dep't of Transp. v. Mitchell, 517 Pa. 203, 535 A.2d 581, 585 (1987); Commonwealth v. Anthony, 504 Pa. 551, 475 A.2d 1303, 1307 (1984). In Mitchell, the Pennsylvania Supreme Court held that summary judgment may be granted in a civil proceeding based upon a guilty plea in a criminal case if the operative facts in the criminal case are identical to those that would be litigated in the civil case. However, "[r]easonable doubt as to what was decided by a prior judgment should be resolved against using it as an estoppel[.]" Gregory v. Chehi, 843 F.2d 111, 121 (3d Cir.1988) (quoting Kauffman v. Moss, 420 F.2d 1270, 1274 (3d Cir.), cert. denied, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970)).
 
 
 15
 In this respect, federal law is in accord with that of Pennsylvania. In Haring v. Prosise, 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983), the United States Supreme Court held, under Virginia law, that a guilty plea entered in a state criminal proceeding would not bar a subsequent § 1983 action where the issues to be determined in the later case were neither actually litigated nor necessary to support the judgment entered in the prior proceeding.[2] Id. at 316-17, 103 S.Ct. at 2374-75; see Muhammad v. Strassburger, McKenna, Messer, Shilobod and Gutnick, 526 Pa. 541, 587 A.2d 1346, 1348 (collateral estoppel applies only to essential issues of fact that have been actually litigated) (quoting Schubach v. Silver, 461 Pa. 366, 336 A.2d 328, 334 (1975)), cert. denied, --- U.S. ----, 112 S.Ct. 196, 116 L.Ed.2d 156 (1991). The Supreme Court went on to state that the defendant's guilt on the charges against him was "simply irrelevant to the legality of the search under the fourth amendment or to [his] right to compensation from state officials under § 1983." Haring, 462 U.S. at 316, 103 S.Ct. at 2374. "[A] defendant's decision to plead guilty may have any number of other motivations[.]" Id. at 318, 103 S.Ct. at 2376 (citing Tollett v. Henderson, 411 U.S. 258, 263, 93 S.Ct. 1602, 1606, 36 L.Ed.2d 235 (1973); Brady v. United States, 397 U.S. 742, 750, 90 S.Ct. 1463, 1470, 25 L.Ed.2d 747 (1970)).
 
 
 16
 Linnen was charged with possession of drugs, violation of the firearms act, and criminal conspiracy. Although a successful suppression motion may have given Linnen a complete defense to the offenses with which he was charged, no issues pertinent to his § 1983 action were "actually litigated" in the state criminal case because Linnen did not pursue his suppression motion in that proceeding.[3] The issue of whether Linnen's Fourth or Fourteenth Amendment rights were violated was not before the state court in its initial disposition of the criminal charges against Linnen. Nothing in the state criminal action indicates the court of common pleas determined, in accepting Linnen's guilty plea, that the officers acted within constitutional bounds when they seized Linnen's property for use as evidence against him. Persons who are guilty of crime are not, ipso facto, stripped of their constitutional right not to be deprived of their property in violation of the Fourth or Fourteenth Amendments.
 
 
 17
 Linnen's guilty plea was not an implied admission that the search of his apartment and his arrest were legal. Accordingly, Linnen's guilty plea does not bar his § 1983 civil action because it does not involve any issue that would be preclusive under the full faith and credit clause of the Constitution, as implemented by 28 U.S.C.A. § 1738.[4] Therefore, the district court therefore erred in accepting the magistrate judge's recommendation to dismiss insofar as that recommendation assumed Linnen's guilty plea was based on a determination that he would be unable to prevail on a motion to suppress evidence.
 
 B.
 
 18
 It is significant, however, that the magistrate judge's recommendation to dismiss came after the court of common pleas denied Linnen's PCRA petition. Both the magistrate judge and the district court relied on that denial in concluding the court of common pleas' order denying post-conviction relief precluded Linnen's § 1983 action.[5] Therefore, we must still consider what effect, if any, the court of common pleas' denial of Linnen's post-conviction attack has on his § 1983 action.
 
 
 19
 In his PCRA petition Linnen alleged that his guilty plea was unlawfully induced by, inter alia, trial counsel's failure to challenge the legality of the search of his apartment. See Commonwealth v. Linnen, Crim.Div. Nos. CC8909179, 891056, 8909243, at 3 (Pa. Ct. of Common Pleas, Allegheny Cty. Jan. 30, 1992). In evaluating this claim, the state court had to consider not only whether Linnen's guilty plea was voluntarily entered but also whether he received ineffective assistance of counsel. The United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), articulated the standard governing a claim of ineffective assistance of counsel as follows:
 
 
 20
 First, the defendant must show that counsel's performance was deficient.... Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
 
 
 21
 In order to prevail on his PCRA petition, Linnen therefore had to establish not only that his counsel's representation fell below an objective standard of reasonableness, but also that there was a reasonable probability that the result in the criminal action would have been different, but for counsel's failure to meet professional standards. Kimmelman v. Morrison, 477 U.S. 365, 375, 106 S.Ct. 2574, 2582-83, 91 L.Ed.2d 305 (1986) (citing Strickland, 466 U.S. at 688, 694, 104 S.Ct. at 2064-65, 2068).
 
 
 22
 In § 1983 cases challenging state-conducted searches and seizures, this Court has already expressed a preference for holding federal civil rights claims in abeyance until state appellate proceedings that may affect the outcome of the federal action are decided. In Bailey v. Ness, 733 F.2d 279, 281 (3d Cir.1984), we held that a district court confronted with uncertain state law regarding the finality of judgments pending appeal should stay further proceedings until final disposition of the case in the state courts. Id. (quoting Occidental Life Ins. Co. of Calif. v. Nichols, 216 F.2d 839, 841 (5th Cir.1954)). Bailey cited two conflicting lines of Pennsylvania cases on whether a judgment by a trial court is final if it is appealed. One line holds that a state court judgment is not a final judgment for purposes of collateral estoppel if an appeal is pending. Id. (citing Bryar v. Campbell, 177 U.S. 649, 20 S.Ct. 794, 44 L.Ed. 926 (1900) (interpreting Pennsylvania law); United States v. Employers Mut. Liab. Ins. Co. of Wisconsin, 495 F.Supp. 840, 842 (W.D.Pa.1980); In re Levitt, 18 B.R. 595, 598 n. 11 (Bankr.E.D.Pa.1982); Columbia Nat'l Bank v. Dunn, 207 Pa. 548, 56 A. 1087 (1904); Smalls Appeal, 15 A. 807 (Pa.1888); Souter v. Baymore, 7 Pa. 415 (1848)). The second line of cases holds that a judgment is final for collateral estoppel purposes " 'unless or until it is reversed.' " Id. (quoting Philadelphia Elec. Co. v. Pennsylvania Pub. Util. Comm'n, 61 Pa.Cmwlth. 325, 433 A.2d 620, 626 (1981)); see id. at 281-82 (citing Commercial Union Assurance Co. v. Pucci, 523 F.Supp. 1310, 1318 (W.D.Pa.1981); Nash v. Reedel, 86 F.R.D. 13, 15 (E.D.Pa.1980); In re Meade Land and Dev. Co., Inc., 1 B.R. 279, 283 (Bankr.E.D.Pa.1979); Helmig v. Rockwell Mfg. Co., 389 Pa. 21, 131 A.2d 622, cert. denied, 355 U.S. 832, 78 S.Ct. 46, 2 L.Ed.2d 44 (1957); Wallace's Estate, 316 Pa. 148, 174 A. 397 (1934); Elkin's Petition, 289 Pa. 327, 137 A. 459 (1927); Woodward v. Carson, 86 Pa. 176 (1878); Rheem v. Naugatuck Wheel Co., 33 Pa. 356 (1859)).
 
 
 23
 Though we held in Bailey that Pennsylvania law is uncertain on what effect an appeal has on an otherwise final order, more recent Pennsylvania cases Bailey cites hold finality is not affected by appeal. Moreover, since Bailey, the Commonwealth Court of Pennsylvania has twice unequivocally decided that a state trial court judgment is final unless or until it is reversed. See O'Hara Sanitation Co. v. Commonwealth Dep't of Envtl. Resources, 125 Pa.Cmwlth. 441, 557 A.2d 453, 455 (1989) (citing Philadelphia Elec. Co., 433 A.2d at 626); Bassett v. Civil Serv. Comm'n of Philadelphia, 100 Pa.Cmwlth. 356, 514 A.2d 984, 986 (1986) (citing Philadelphia Elec. Co., 433 A.2d at 626). These two decisions are consistent with the principles set forth in the Restatement (Second) of Judgments §§ 13, 16 (1982).
 
 
 24
 Fortunately, on the record now before us, however, we need not determine whether the conflict in Pennsylvania law regarding the finality of judgments for collateral estoppel purposes that we discovered in Bailey has now been resolved and therefore that Bailey is no longer controlling.
 
 
 25
 In denying Linnen's PCRA petition, the court of common pleas, after first holding that Linnen had voluntarily entered his guilty plea, went on to hold that Linnen had failed to establish the ineffectiveness of his attorney. Commonwealth v. Linnen, supra at 3-4. It stated:
 
 
 26
 Regarding the assertions of ineffective assistance of counsel, this Court is of the opinion that the assertions constitute "ineffectiveness in a vacuum" in contravention of Commonwealth v. Pettus, 492 Pa. 558, 424 A.2d 1332 (1981). The presumption of competent counsel was not overcome by the assertions contained in the petition, nor is the Court persuaded that trial counsel did not display an objectively reasonable basis designed to effectuate Petitioner's interest.
 
 
 27
 Id. at 5. This language indicates the state court did not, in rejecting Linnen's Sixth Amendment claims, decide the merits of his Fourth or Fourteenth Amendment claims. Collateral estoppel only applies to essential issues that have been actually litigated and determined. Muhammad, 587 A.2d at 1348 (citing Schubach, 336 A.2d at 334). Because there is no indication that the merits of Linnen's Fourth Amendment claims have been determined, the court of common pleas' denial of his PCRA petition cannot preclude his § 1983 action.
 
 
 28
 Linnen's state appeal of the denial of his PCRA petition counsels a stay of his § 1983 action while that appeal is pending. In order to succeed on his appeal, Linnen is likely to have to establish that his Fourth or Fourteenth Amendment claims are meritorious. See Kimmelman, 477 U.S. at 375, 106 S.Ct. at 2582-83. State courts unquestionably have power to render preclusive judgments regarding the Fourth Amendment's prohibition of unreasonable searches and seizures. See Allen v. McCurry, 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980); Stone v. Powell, 428 U.S. 465, 494-95, 96 S.Ct. 3037, 3052-53, 49 L.Ed.2d 1067 (1976). In Allen v. McCurry, the Supreme Court held that nothing in the language or legislative history of § 1983, or its interpretation by the courts of appeals, foreshadows or indicates that it repealed or restricted the traditional common law doctrines of claim or issue preclusion. Allen, 449 U.S. at 97-98, 101 S.Ct. at 416-17; see id. at 99, 101 S.Ct. at 417 (by enacting § 1983 Congress was adding to jurisdiction of federal courts, not subtracting from jurisdiction of state courts). Instead, the Supreme Court stated Congress intended a federal remedy under § 1983 in only three circumstances: "where state substantive law was facially unconstitutional, to allow full litigation of a constitutional claim, and where state procedural law, though adequate in theory, was inadequate in practice." Id. at 100-01, 101 S.Ct. at 418 (citing Monroe v. Pape, 365 U.S. 167, 173-74, 81 S.Ct. 473, 476-77, 5 L.Ed.2d 492 (1961)). Otherwise, 28 U.S.C.A. § 1738's provisions concerning full faith and credit require a federal court to "give preclusive effect to state-court judgments whenever the courts of the State from which the judgment emerged would do so[.]" Id. at 96, 101 S.Ct. at 415.
 
 
 29
 Linnen has not alleged any of the three circumstances under which he might obtain § 1983 relief regardless of the state courts' final determination of the merits of his Fourth and Fourteenth Amendment claims. Accordingly, if the state appellate court determines the merits of those claims, that determination will, one way or the other, control the liability issue in Linnen's present § 1983 action.
 
 
 30
 Conversely, a decision on the merits of Linnen's § 1983 action upholding his Fourth Amendment claim could have preclusive effect on the state courts considering his PCRA action because § 1738 would ordinarily require a state court to give full faith and credit to an order of a federal court. Here, however, if the district court decided Linnen's § 1983 case in his favor before the state courts disposed of his post-conviction appeal, the principle of full faith and credit, so important to our federal system, as § 1738 implements it, would conflict with another policy grounded in federalism--the policy requiring a petitioner to exhaust state remedies before bringing a federal habeas action. A stay can avoid the potential conflict between those two principles of federalism. Moreover, we think the overlap of issues between Linnen's PCRA petition and his § 1983 action is analogous to the situation that arises when a state prisoner files a federal habeas corpus action and a civil rights action simultaneously. In that situation, we have already held that the federal habeas and civil rights actions should both be stayed pending exhaustion of state remedies. Harper v. Jeffries, 808 F.2d 281, 283-84 (3d Cir.1986); accord Melvin v. Nickolopoulos, 864 F.2d 301, 304 (3d Cir.1988). Our rulings in Harper and Nickolopoulos followed the Supreme Court's decision in Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). There, the Supreme Court stated:
 
 
 31
 If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release--the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy. Accordingly, as petitioners themselves concede, a damages action by a state prisoner could be brought under the Civil Rights Act in federal Court without any requirement of prior exhaustion of state remedies.
 
 
 32
 Id. at 494, 93 S.Ct. at 1838 (emphasis in original).
 
 
 33
 Our decisions in Harper and Nickolopoulos were designed to avoid the potential conflict with exhaustion that resulted from Preiser's teaching that a state prisoner could file a § 1983 action without exhausting state remedies on his claim that he should be freed because he was unconstitutionally convicted. In those cases, we held that a district court should not dismiss a prisoner's federal civil rights claim simply because it is related to a petition for habeas corpus relief but instead should stay the civil rights claim until the state remedies available to obtain relief from unconstitutional convictions were exhausted and thereafter proceed on both the civil rights and the habeas aspects of the state prisoner's federal claims. We recognize that Linnen's case does not involve a federal habeas filed before exhaustion of state remedies. Nevertheless, the overlap between the factual and legal issues that are inherent in both Linnen's § 1983 action and his PCRA petition presents a close analogy. The district court's premature adjudication of Linnen's § 1983 action "would interfere with congressional policy requiring initial resort to state tribunals in habeas corpus petitions." Harper, 808 F.2d at 285. On the strength of this analogy, we think that the district court should stay Linnen's § 1983 action until he has had an opportunity to exhaust all state remedies on his PCRA action. See id. If the state courts ultimately reach and decide the merits of Linnen's Fourth Amendment claims after he has had a fair chance to litigate them, their decision will be preclusive, one way or the other on the instant § 1983 claim under Allen v. McCurry.
 
 
 34
 We recognize, of course, that the state court could deny Linnen's petition for other reasons. For example, it could conclude that Linnen was properly advised but nevertheless insisted on pleading guilty. It could also grant his petition by holding the officers' search and seizure was wrongful because of an independent and adequate state ground such as violation of the state constitution. The court could also grant the petition on any one or more of the seven other grounds on which Linnen asserts that his counsel was constitutionally deficient. In any of these cases, a final decision in his appeal from the denial of his PCRA petition would not be preclusive.
 
 
 35
 If this happens and the state courts ultimately affirm the court of common pleas' denial of Linnen's PCRA petition without deciding Linnen's Fourth and Fourteenth Amendment claims or grant Linnen's petition on a ground other than the allegedly unconstitutional search and seizure, Linnen could then proceed with his § 1983 action without fear of preclusion. Only an order granting or denying his PCRA petition on Fourth Amendment grounds will have preclusive effect on his civil rights action in federal court. Nevertheless, we think the potential for conflict between state and federal judicial authority is at least as great in the present situation as in Harper and Nickolopoulos.
 
 
 36
 Accordingly, we will vacate the district court's order granting summary judgment to the officers and remand with instructions to stay Linnen's § 1983 action pending ultimate disposition on appeal of the denial of PCRA petition in state court.
 
 
 
 [1]
 Appellees McKeown and Hoover moved for dismissal only
 
 
 [2]
 Virginia collateral estoppel law was, at the time of Haring, similar to that of Pennsylvania. See Haring, 462 U.S. at 314-15, 103 S.Ct. at 2373-74 (discussing Virginia case law on collateral estoppel)
 
 
 [3]
 Linnen was represented by counsel during the criminal action. The only suppression motions submitted in the state trial court were those Linnen attempted to file pro se. In Pennsylvania, a represented criminal defendant does not have a right to act as co-counsel at his own trial. Commonwealth v. Williams, 270 Pa.Super. 27, 410 A.2d 880, 883 (1979). In Pennsylvania, such "hybrid" representation is not permitted at either the trial or appellate level. Commonwealth v. Ellis, 398 Pa.Super. 538, 581 A.2d 595, 598 (1990). Thus, Linnen's pro se motions to suppress evidence would not have ordinarily been considered on their merits by the court of common pleas and the record before us gives no contrary indication
 
 
 [4]
 "The ... judicial proceedings of any court of any ... State ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C.A. § 1738 (West 1966). This statute supplements Article IV, § 1 of the United States Constitution, which applies full faith and credit only to state courts. Gregory, 843 F.2d at 116 n. 3; see U.S. Const. art. IV, § 1
 
 
 [5]
 See, e.g., Magistrate's Report and Recommendation, at 3 ("It has become necessary to issue a new Report and Recommendation both because the first report was inaccurate ... and because the state court has issued a ruling on plaintiff's post-conviction petition."). Other portions of the magistrate judge's second report shows his reliance on the state court's denial of Linnen's PCRA petition as precluding his § 1983 action:
 The state court, in denying post-conviction relief, determined that trial counsel did not render ineffective assistance by failing to pursue the motion to suppress filed by plaintiff. Therefore, the state court has found that plaintiff voluntarily entered his guilty plea. Plaintiff may not now assert that counsel caused him to forego his right to seek a ruling on his motion to suppress in the state court, since the state court has determined that it was plaintiff's voluntary and knowing decision to take that course of action. * * * [Linnen's] complaint that his attorney failed to press the motion in the state court has been rejected by the state court, and cannot serve here to justify his failure to litigate issues he expressly decided not to litigate in the state court.
 Id. at 5, 7-8.