# Elkin's Petition.

*Judgment—Effect of judgment of common pleas—Finality—Appeal—Non pros on appeal as affecting finality of judgment—Landlord and tenant—Lease—Covenant—Termination of lease.*

1. An appeal from a final judgment of the court of common pleas does not disturb the finality of that judgment while it remains unreversed.

2. The status of the parties as it existed at the precise time the final judgment was entered in the common pleas, will be their status when a non pros is later entered in the appellate court.

3. Where a lessee accepts a lease after a prior tenant has been ousted, and agrees to maintain title to the premises against any proceeding by the former tenant, with the understanding that, in the event of a final adjudication in favor of the former tenant, the lease shall cease and determine, such lease will be determined, if it appears that the former tenant obtained judgment against the lessor, and that an appeal therefrom was non-prossed by agreement without the knowledge or consent of the lessee.

Argued March 15, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SADLER, JJ.

Appeal, No. 64, March T., 1927, by Lucy E. Crivello et al., lessors, from declaratory judgment of C. P. Jefferson Co., Oct. T., 1926, No. 153, for petitioner, in case of Petition of Mrs. A. P. Elkin, trading as Indiana Theatre. Affirmed.

Petition for declaratory judgment. Before DARR, P. J.

The opinion of the Supreme Court states the facts.

Judgment for petitioner. Respondents, Lucy E. Crivello et al., lessors, appealed.

*Error assigned* inter alia, was, declaratory judgment, quoting record.

*Charles Corbet,* with him *W. B. Adams,* for appellants, cited: Smith's Est., 210 Pa. 604.

. *Charles J. Margiotti,* with him *W. M. Gillespie, James W. Mack* and *E. E. Creps,* for appellee, cited: Rheem v. Wheel Co., 33 Pa. 356; Woodward v. Carson, 86 Pa. 176; Geiselman v. Shomo, 13 Pa. Superior Ct. 1.

OPINION BY MR. JUSTICE KEPHART, April 11, 1927:

James and Lucy Crivello leased the property in controversy to McCartney & Johnson. Based on an averment of a default, the lessees, by writ duly issued, were dispossessed, and a new lease was made to appellee. By its terms she was required to pay the expenses incurred in the above possessory proceedings and in addition "to *maintain at her own expense title* to the premises against McCartney & Johnson in any proceeding which may now be pending or which may hereafter be instituted by them......for the recovery of possession, it being understood that in the event of final adjudication in favor of McCartney & Johnson this lease shall cease and determine at the date of such final adjudication, and the respective rights, duties and obligations incurred hereunder shall be at an end."

McCartney & Johnson, alleging an improper dispossession, obtained a rule absolute to open the judgment in ejectment, and on the trial of the issue there raised, the jury, on September 23, 1925, "found for defendants [McCartney & Johnson] the right to the possession of the premises described in the writ, being the premises leased to appellee. A judgment on the verdict was duly entered some time later. On the date of this entry there was a final adjudication in favor of McCartney & Johnson; appellee was no longer a tenant under the lease and held the premises as a tenant at sufferance or at will. Later an appeal from the judgment was taken to this court, which was non-prossed by agreement between the Crivellos and McCartney & Johnson.

Appellants contend that the judgment of the common pleas was not a final adjudication because its effect was temporarily suspended by the appeal to this court.

The parties to the litigation,—the lessors and the ousted tenants,—then entered into an agreement to settle the dispute. The lessors were released from all obligations arising under their lease with the ousted tenants either for reinstatement of possession or compensation on account thereof. Appellants say this settlement had the effect of tacitly wiping out the action in the common pleas court, from which the appeal was taken, leaving, as it were, all parties to the proceeding in the same position as if no attempt had been made by the ousted tenants to regain possession of the property.

An appeal from a final judgment of the court of common pleas does not disturb the finality of that judgment while it remains unreversed, nor will a non-pros of an appeal have the effect of continuing the finality of the judgment to the date the non-pros was entered. The status of the parties as it existed at the precise time the final judgment was entered will be their status when the non-pros is later entered in this court: Fine v. Soifer, 288 Pa. 164, 169, 173; Watkins v. Neff, 288 Pa. 314, 320; Woodward v. Carson, 86 Pa. 176, 178; Rheem v. The Naugatuck Wheel Company, 33 Pa. 356, 357; Geisleman v. Shomo, 13 Pa. Superior Ct. 1, 3. This is undoubtedly the rule as between the parties, and the settlement of the final judgment in this case was between them. The judgment was an existing record not to be erased or wiped out in the manner contended for by appellant. Whatever followed from that settlement as it affected this appellee, who was a silent third party to the litigation settled, must be determined from her agreement with the lessors, under which her rights and obligations arose, and her subsequent acquiescence, if any, in the terms of that settlement.

Appellee agreed to prosecute that litigation, which she did, and, if unsuccessful, as it turned out to be, her lease was to cease and determine. That event having happened, she had an undoubted right to rely on the covenant and make her arrangements accordingly, un-

less she waived that part of the agreement, which was made solely for her benefit. Without acceptance by this appellee, the lessors could not bind her to any future uncertainties arising through their settlement of the prior litigation, whether embodied in that litigation or in subsequent action. Appellee was not a party to the agreement of settlement. She knew nothing of it. Consequently she could not be controlled by it, nor could her rights be fixed by such action.

Appellants urge the settlement should bind her as it was manifestly for her benefit and protection. How much of this is so we need not decide, as suggested above, since the contrary may appear, and appellee claims the agreement prejudiced her rights as she was prejudiced by the judgment secured by the ousted tenants, which bound her to pay all the expenses incident to that litigation.

But we need not decide any of these questions. We might say in passing, that the agreement undoubtedly prevented the lessors from proceeding against appellee on any claim arising out of the dispossession of McCartney & Johnson, because the lessors took it out of her power to continue the litigation and to secure, by a definite adjudication beyond dispute, the rights which they now say were, in part at least, secured by an agreement of settlement, the latter being the subject of attack at any time by the ousted tenants.

By the terms of her agreement, appellee's lease was terminated by the final adjudication, or, in other words, by the entry of judgment in the court of common pleas. To continue her old status required a new agreement; there is no such agreement in this case. Had appellants wished to preserve that status they could easily have provided in the lease for the contingency that happened in this case, an amicable settlement in the manner indicated to which the appellee could be made a party. But having undertaken to adjust the matters without her consent after the judgment had been entered, or

without in any way releasing her from the terms of her agreement relating to matters in controversy, they must abide the consequences of their act.

The judgment of the court below is affirmed.