**BAILEY, Jo Ellen, Appellant**

v.

**NESS, J. Christian, Individually Garber, Daniel, Individually and Northern Regional Police Dept.**

No. 83–3262.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 12(6) Jan. 10, 1984.

Decided April 30, 1984.

As amended May 11, 1984.

---

Allen H. Smith, York, Pa., for appellant.

John B. Mancke, Mancke, Lightman & Wagner, Harrisburg, Pa., for appellee.

Before ALDISERT, HIGGINBOTHAM and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

This case involves an appeal by Jo Ellen Bailey ("Bailey") from the district court's summary judgment order dismissing her civil rights claims brought under 42 U.S.C. §§ 1983, 1985(3) against appellee, J. Christian Ness ("Ness"). The district court based its dismissal on a theory of collateral estoppel because it concluded that the issues on which Bailey seeks relief already have been decided in a state court criminal proceeding which resulted in Bailey's conviction. An appeal from that conviction is still pending in Pennsylvania state court. We believe that it was improper for the district court to dismiss her action; the district court should have stayed the present action until the appeals from the state court conviction had run their course or had run out of time in which to be brought. Therefore we will vacate the judgment of the district court and remand the case with instructions to stay further proceedings consistent with this opinion.

### I.

On August 12, 1982, Bailey initiated this civil rights action claiming damages under 42 U.S.C. §§ 1983 and 1985(3). After allowing Bailey to amend her complaint and Ness to supplement the record, the district court granted Ness' motion for summary judgment and dismissed Bailey's action.

Bailey's civil rights action stems from alleged constitutional violations committed by Ness, the prosecuting attorney, in the course of a criminal prosecution against Bailey. That criminal case resulted in Bailey's third-degree murder conviction for beating to death her five-year-old daughter. The district court summarized Ness' alleged improper behavior:

The conduct by defendant Ness of which plaintiff complains can be categorized as follows:

1) Ness' failure to complete or carry out an alleged plea bargain.

2) Ness' pre-trial statements to the media concerning plaintiff, by which she was prejudiced in her ability to secure character witnesses at her trial.

3) Ness' knowledge of and participation in an improper pre-trial contact with plaintiff by defendant Garber (a policeman) which prejudiced plaintiff.

Appendix at 19.

Bailey admits that these issues presented to the district court in this civil rights action "were raised in [her] criminal case in State court and resolved against her...." Appellant's brief at 3–4. Her appeal from her conviction is pending in the Superior Court of Pennsylvania.

Because the issues raised in the civil rights action had been litigated and resolved against Bailey in the state criminal proceeding, the district court concluded that Bailey was estopped from relitigating them. The district court, cognizant of the appeal pending in Bailey's conviction, concluded that until such time as the state appellate court ruled that Ness' allegedly prejudicial conduct violated Bailey's constitutional rights, this action could not be maintained, and therefore the suit must be dismissed.

Bailey challenges the district court's decision on two grounds. She asserts that: (1) the district court erred in holding, under Pennsylvania law, that her criminal conviction constituted a "final judgment" irrespective of the pending appeal before a state appellate court; and (2) even if the

doctrine of collateral estoppel precluded the district court from considering Bailey's civil rights action at the time that she brought suit, the district court should have stayed the action rather than dismiss it. We agree with Bailey that the district court erred in dismissing her action.

## II.

The doctrine of collateral estoppel holds that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980) (citation omitted). Under federal law, "judicial proceedings . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State. . . ." 28 U.S.C. § 1738. Thus, in cases where a party seeks to rely on a state court judgment to preclude relitigation of the same issues in federal court, a federal court must look to state law and its assessment of the collateral estoppel doctrine to determine the extent to which the state would give its own judgment collateral estoppel effect. *See Davis v. United States Steel Supply,* 688 F.2d 166, 170 (3d Cir.1982) (in banc), *cert. denied,* 460 U.S. 1014, 103 S.Ct. 1256, 75 L.Ed.2d 484 (1983).

The purposes served by the doctrine of collateral estoppel are the same whether the doctrine is employed in a state or federal court. "[C]ollateral estoppel relieve[s] parties of the cost and vexation of multiple law suits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Davis v. United States Steel Supply,* 688 F.2d 166, 174 (3d Cir.1982), *quoting from Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). Moreover, this court is well aware that in according preclusive effect to the decisions of state court, collateral estoppel serves to promote comity between state and federal courts. *Id.*

With these objectives in mind, we turn to Bailey's arguments to determine how Pennsylvania law treats the doctrine of collateral estoppel.

Regarding Bailey's first argument, we recognize that it is well settled in Pennsylvania that a valid plea of collateral estoppel presupposes a final judgment on the merits. *In Re Estate of Ellis, III,* 460 Pa. 281, 287, 333 A.2d 728, 731 (1975). There are, however, two distinct lines of cases dealing with the issue of whether a judgment is indeed final in those instances where there has been an appeal.

The first line of cases involves several early decisions holding that a state court judgment is *not* considered a final judgment for purposes of res judicata or collateral estoppel while an appeal is pending. *See Souter v. Baymore,* 7 Pa. 415 (1848); *Smalls Appeal,* 15 A. 807, 23 W.N.C. 25 (1888); *Columbia National Bank v. Dunn,* 207 Pa. 548, 56 A. 1087 (1904); and *Bryar v. Campbell,* 177 U.S. 649, 20 S.Ct. 794, 44 L.Ed. 926 (1900) (interpreting Pennsylvania law). Moreover, two recent federal court decisions have relied upon this interpretation of a final judgment. *United States v. Employers Mutual Liability Insurance Co. of Wisconsin,* 495 F.Supp. 840, 842 (W.D.Pa.1980) and *In re Levitt,* 18 B.R. 595, 598 n. 11 (Bkrtcy.E.D.Pa.1982).

A second line of cases which the Pennsylvania state courts have relied upon consistently in their more recent decisions, however, adopts the position that a judgment by a state court is considered final for res judicata or collateral estoppel purposes "unless or until it is reversed." *Philadelphia Electric Co. v. Pennsylvania Public Utility Commission,* 61 Pa. Commonwealth 325, 337, 433 A.2d 620, 626 (1981) (citation omitted). *See also Rheem v. The Naugatuck Wheel Co.,* 33 Pa. 356 (1859); *Woodward v. Carson,* 86 Pa. 176 (1878); *Elkin's Petition,* 289 Pa. 327, 137 A. 459 (1927); *Wallace's Estate,* 316 Pa. 148, 174 A. 397 (1934); *Helmig v. Rockwell Manufacturing Co.,* 389 Pa. 21, 131 A.2d 622,

*cert. denied,* 355 U.S. 832, 78 S.Ct. 46, 2 L.Ed.2d 44, *reh. denied,* 355 U.S. 885, 78 S.Ct. 146, 2 L.Ed.2d 115 (1957).

To compound further the uncertainty in the state law, several federal courts have relied on this second line of cases when applying Pennsylvania law to cases with res judicata or collateral estoppel issues. *See Commercial Union Assurance Co. v. Pucci,* 523 F.Supp. 1310, 1318 (W.D.Pa. 1981); *Nash v. Reedel,* 86 F.R.D. 13, 15 (E.D.Pa.1980); and *In re Meade Land and Development Co., Inc.,* 1 B.R. 279, 283 (Bkrtcy.E.D.Pa.1979). Because there has not been an explicit repudiation of the earlier interpretation, we are reluctant to adopt an interpretation which may prove erroneous if we can avoid making such a determination.

In this case while we recognize the doctrinal dilemma, we are neither compelled nor required to resolve it.

When confronted with uncertain state law as to the finality of judgments pending appeal, in *Occidental Life Insurance Co. of California v. Nichols,* 216 F.2d 839 (5th Cir.1954), the Fifth Circuit avoided interpreting the law by adopting a procedural stance that made the uncertainty irrelevant to the case at bar. The court quoted Judge Rives in *Ray v. Hasley,* 214 F.2d 366, 368 (5th Cir.1954): "[I]rrespective of whether the judgment in the state court operated as res judicata pending appeal, the federal court should take into consideration the possibility of a reversal of that judgment ...." *Occidental Life Insurance Co. of California v. Nichols,* 216 F.2d at 841, and the Fifth Circuit directed the district court to stay further proceedings until final disposition of the case in the state courts. We

will adopt the approach of the Fifth Circuit and avoid the risk of misinterpreting state law.

[3] Consistent with the Fifth Circuit's approach, Bailey's second argument asserts that whether or not the state court judgment has collateral estoppel effect, the district court's dismissal of her section 1983 and section 1985 action was unwarranted, and the action should have been stayed pending the final resolution of her criminal appeal in state court. Bailey's argument reflects the reasoning of the Fifth Circuit: namely, the district court should have taken into consideration not only the uncertainty of Pennsylvania collateral estoppel precepts regarding "final judgments" but also any possible statute of limitations problems.[1] Bailey concludes that these two considerations demand that her action be stayed, *not* dismissed.

According to Bailey, dismissal of the suit subjects her to unnecessary risks of prejudice, for the statute of limitations might run during the pendency of her appeal before the state courts. Thus, even if she should prevail in the state court appeal process, her victory would be meaningless unless her right to bring her civil suit is preserved. The appellee, on the other hand, argues that to stay the matter would have been contrary to the purposes of the doctrine of collateral estoppel. We disagree.

Other circuits have directed the district courts to consider the effect of a statute of limitations upon a Section 1983 action when disposing of such action. The Fifth Circuit, in *Connor v. Pickett,* 552 F.2d 585, 587 (5th Cir.1977), relying on *Mastracchio v.*

---

1. Bailey does not argue, nor do we address the issue of whether the statute of limitations should be *tolled* in this instance. Bailey concedes that state law governs both the statute of limitations and the circumstances under which the statute may be tolled in Section 1983 actions. *Board of Regents v. Tomanio,* 446 U.S. 478, 486, 100 S.Ct. 1790, 1796, 64 L.Ed.2d 440 (1980). While there is no direct holding in Pennsylvania on this issue, the Pennsylvania Superior Court has recently rejected the argument advanced by the plaintiff in a personal

injury action that the statute of limitations should have been tolled pending the outcome of his Workmen's Compensation claim. The court emphasized that all state statutes of limitations should be strictly construed. *Henry v. Control Products Co.,* 284 Pa.Super. 417, 419–20, 426 A.2d 116, 118 (1981) (citations omitted). Because Bailey contends only that her civil rights suit should have been *stayed* pending the outcome of her appeal we will confine our analysis solely to this procedural question.

*Ricci,* 498 F.2d 1257 (1st Cir.1974), *cert. denied,* 420 U.S. 909, 95 S.Ct. 828, 42 L.Ed.2d 838 (1975), directed the district court to consider staying, rather than dismissing, a section 1983 action where the civil rights action was filed prematurely. The Fifth Circuit instructed the district court to consider the effects of the statute of limitations on the action and "to take such steps as may be necessary to protect Connor's right to bring a Section 1983 suit after he has exhausted his habeas corpus remedies." *Connor v. Pickett,* 552 F.2d at 587.

In *Singleton v. City of New York,* 632 F.2d 185 (2d Cir.1980), the plaintiff failed to file his Section 1983 action in a timely fashion, contending that the district court would have dismissed his section 1983 suit anyway since the same issues were still pending in a state criminal proceeding. The Second Circuit, affirming the district court's dismissal of the action, opined:

> As suggested by the Fifth Circuit, the better course in situations where the district court feels compelled to abstain is to stay, rather than dismiss, the § 1983 action so that the plaintiff is protected from a possible statute of limitations bar to the § 1983 suit.

*Id.* at 193 (citations omitted). Similar rulings were set forth in *Richardson v. Fleming,* 651 F.2d 366 (5th Cir.1981); *Giulini v. Blessing,* 654 F.2d 189 (2d Cir.1981); *McCurry v. Allen,* 606 F.2d 795 (8th Cir. 1979), *rev'd on other grounds sub nom. Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); and *Western Food Plan, Inc. v. MacFarlane,* 588 F.2d 778 (10th Cir.1978).

It is our view that whether or not a state court regards a decision of a trial court pending appeal to preclude relitigation of identical issues, the trial court judgment does not prevent the district court from staying a proceeding. A dismissal of a party's suit, even without prejudice, simply does not protect the party from a statute of limitations problem should the state court proceedings take a great deal of time. That possibility warrants a safeguarding of a party's interest in being able to bring suit. Consequently, we believe that under such circumstances it is improper for a district court to dismiss a party's claims: a proper course would be to stay the federal court proceedings until the state court proceedings have run their course or have run out of time in which to be brought.

Accordingly, we will vacate the judgment dismissing Bailey's claim and remand the case to the district court with directions to stay further proceedings until final disposition of the case in all of the available state courts or until the appeals are time-barred in state court.