**Andre M. SHELTON, Sr.,**

v.

**Detective Gregory MACEY and Detective Shupp, Lancaster County Drug Task Force.**

Civ. A. No. 94–CV–2529.

United States District Court,
E.D. Pennsylvania.

May 5, 1995.

Andre M. Shelton, Sr., Lancaster, PA, pro se.

Denise A. Kuhn, Pa. Deputy Atty. Gen., Philadelphia, PA, for defendant.

## *MEMORANDUM*

WALDMAN, District Judge.

Plaintiff is an inmate at the Lancaster County Prison. In this *pro se* 42 U.S.C. § 1983 action, he alleges that the search and seizure which resulted in his arrest and conviction for a drug offense were unlawful. Defendants were members of the Lancaster County Drug Task Force.

Plaintiff alleges that defendants stopped him in the Lancaster train station, asked him questions and searched his bag without his consent, without a warrant and without probable cause. Defendants seized 39 packets of cocaine and a quantity of marijuana found in plaintiff's bag and arrested him. Based on the drug evidence and plaintiff's admission that he brought the drugs to Lancaster to sell, he was charged with and convicted in a jury trial of possessing cocaine with intent to deliver.

Plaintiff seeks monetary damages, an order directing the Commonwealth to change the verdict in his case from "guilty" to "not guilty" and his immediate release from incarceration.

To the extent that plaintiff challenges his confinement and seeks release from custody, his exclusive remedy is *habeas corpus*, which may not be pursued until state remedies are exhausted. *Preiser v. Rodriguez*, 411 U.S. 475, 488–90, 93 S.Ct. 1827, 1835–37, 36 L.Ed.2d 439 (1973). Plaintiff does not allege such exhaustion and it clearly appears from the record adduced that his state remedies have not been exhausted.

Plaintiff's criminal defense attorney moved to suppress the drug evidence on the ground that the bag had been unlawfully searched without consent, a warrant or probable cause. After conducting a suppression hearing, the Court of Common Pleas found that the search and arrest were lawful and denied the suppression motion. In a fully and capably briefed post-trial motion, defense counsel again challenged the lawfulness of the search of the bag and seizure of the drugs. The

Court denied the motion by opinion and order of September 16, 1994.

Defendants argue that the doctrine of collateral estoppel precludes plaintiff from relitigating the lawfulness of the search and seizure which resulted in his arrest and trial. The doctrine of issue preclusion applies in § 1983 actions to issues decided in state criminal proceedings. *Allen v. McCurry*, 449 U.S. 90, 104–05, 101 S.Ct. 411, 419–21, 66 L.Ed.2d 308 (1980).

A federal court must give to state court judgments the same preclusive effect as would the courts of the state in which the judgment was rendered. *Id.* at 96, 101 S.Ct. at 415–16. Under Pennsylvania law, a party is precluded from relitigating an issue decided adversely to him in a prior case when: (1) he was a party to the prior litigation; (2) he had a full and fair opportunity to litigate the issue in question in the prior proceeding; (3) the issue determined in the prior proceeding was the same as that raised in the subsequent action; (4) the decision in the prior proceeding was essential to the judgment rendered; and, (5) a final judgment was rendered on the merits. *Ashford v. Skiles*, 837 F.Supp. 108, 112 (E.D.Pa.1993) (*citing Pittsburgh v. Zoning Bd. of Adjustment*, 522 Pa. 44, 55, 559 A.2d 896, 901 (1989)). *See also Temple University v. White*, 941 F.2d 201, 212 (3d Cir.1991).

Plaintiff is clearly a party in both pertinent cases. The issues raised in the state court suppression hearing and post trial proceedings and in plaintiff's § 1983 action are identical. The determination that defendants' search and seizure were lawful was essential to the state Court's orders denying the suppression and post-trial motions. Plaintiff, who was represented by counsel who filed well crafted briefs, had a full and fair opportunity to litigate the issues. It does not clearly appear of record, however, that plaintiff has failed timely to appeal his

conviction or that any direct appeals have been decided.

In *Bailey v. Ness*, 733 F.2d 279 (3d Cir. 1984), the Court concluded that proceedings in a § 1983 action should be stayed pending resolution of appeals from a state court conviction in a case in which a common dispositive issue was decided because of the uncertainty of Pennsylvania law regarding the finality for collateral estoppel purposes of a judgment pending appeal. *Id.* at 282.[1] The key concern of the Court in *Bailey* in prescribing a stay rather than a dismissal was to protect a § 1983 plaintiff from a potential statute of limitations problem. *Id.* at 283.

Later, in *Linnen v. Armainis*, 991 F.2d 1102 (3d Cir.1993), the Court noted that subsequent to *Bailey* Pennsylvania courts unequivocally held that a state trial court judgment is final unless and until it is reversed. *Id.* at 1107.[2] Moreover, the recent opinion of the Supreme Court in *Heck v. Humphrey*, —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) places the statute of limitations concern in a new perspective.

The Court in *Heck* held that whenever a § 1983 plaintiff seeks a judgment for damages for unlawful actions which would render his conviction invalid, his complaint must be dismissed unless he demonstrates that the conviction has already been reversed, expunged or otherwise invalidated. *Id.* at ——, 114 S.Ct. at 2372. It follows that the statute of limitations for such a § 1983 claim does not run until the plaintiff's conviction is reversed, expunged or invalidated. *See, e.g.*, *McMillian v. Johnson*, 878 F.Supp. 1473, 1498–1500 (M.D.Ala.1995).

The Court in *Heck* recognized that a § 1983 claim for damages for an unreasonable search may present circumstances where a judgment for the plaintiff would not necessarily imply that his criminal conviction was unlawful. —— U.S. at —— n. 7, 114 S.Ct. at 2372 n. 7. Such would be the case where there was adequate untainted evidence

---

1. The Court in *Bailey* noted Pennsylvania Supreme Court cases from 1848 and 1904 holding that such a judgment is not final, and cases of that Court from 1927, 1934 and 1957 holding that such judgments are final unless and until reversed. 733 F.2d at 281.

2. The Court in *Linnen* proceeded to hold that plaintiff's § 1983 illegal search claim was not precluded because the merits of that claim were never reached and determined by the state trial court in a case where plaintiff had filed but never litigated a motion to suppress. 991 F.2d at 1105.

to sustain the conviction, the unlawfully seized evidence was admitted under an exception to the suppression rule or an unconstitutional search did not produce evidence that was used to convict the § 1983 plaintiff. Even then, a plaintiff cannot sustain a § 1983 claim absent proof that an unlawful search "caused him actual, compensable injury" other than his conviction and imprisonment. *Id.*

The Supreme Court in *Heck* did not categorically exempt unreasonable search claims from the invalidation requirement. The Court noted that such a claim "may lie" and posited circumstances in which the success of such a claim would not necessarily impugn a plaintiff's conviction. *Id.* The Court's direction to the district courts is exact and unequivocal. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court *must* consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of *his* conviction or sentence; if it would, the complaint *must* be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at ——, 114 S.Ct. at 2372 (emphasis added).

It is clear from the uncontroverted record in the instant case that a finding that the search of plaintiff's bag and seizure of the drugs found within it would necessarily imply that plaintiff's conviction was invalid. It clearly appears from the record that without the drugs, the prosecution had absolutely no case to present. Plaintiff's conviction rests squarely and solely on evidence of his possession of the drugs seized at the train station and his subsequent postseizure inculpatory admission. If the search and seizure at the train station were unconstitutional, plaintiff's conviction cannot stand.

The court will deny defendant's motion for summary judgment. Even accepting that the Common Pleas Court judgment is final unless and until reversed, it is inappropriate to enter a judgment which would bar reassertion by a *pro se* plaintiff of a claim of the type presented on a record that does not preclude the possibility of such a reversal. Prior to *Heck*, the court would have stayed proceedings until plaintiff exhausted his appeals or the time for doing so expired. Given

the particular circumstances apparent from the uncontroverted record presented in this case, however, *Heck* mandates a dismissal of plaintiff's claim without prejudice to renew if and when his state court conviction is legally invalidated. An appropriate order will be entered.

### *ORDER*

**AND NOW,** this 5th day of May, 1995, upon consideration of defendants' Motion for Summary Judgment and in the absence of any response thereto, consistent with the accompanying memorandum, **IT IS HEREBY ORDERED** that said Motion is **DENIED** and the above action is **DISMISSED** without prejudice.