**RICHARD JOHNSON HONEYSHINE SHOE EXPRESS SERVICES,**

v.

**U.S. EQUITY REALTY, INC., The National Railroad Passenger Services, and Amtrak 30th Street Station Corp.**

**No. CIV.A. 00–1594.**

United States District Court,
E.D. Pennsylvania.

Dec. 6, 2000.

Richard Johnson, Philadelphia, PA, pro se.

Lee Applebaum, Fineman & Bach, P.C., Philadelphia, PA, for defendants.

## MEMORANDUM

ROBERT F. KELLY, District Judge.

This matter is before the Court on Defendants' Motion to Dismiss the pro se Plaintiff's Amended Complaint pursuant to

Federal Rules of Civil Procedure 12(b)(4),(5) and (6).

Plaintiff Richard Johnson Honeyshine Shoe Express Services ("Johnson") previously filed a Complaint against U.S. Equity and Amtrak, *Johnson v. U.S. Equity and Amtrack [sic],* U.S. District Court, E.D. Pa, No. 98cv2333 ("the First Action"). *See* docket entries set forth as Exhibit "A" and the Complaint set forth as Exhibit "B" to Defendants' motion.[1]

In the First Action, Equity and Amtrak filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). In those motions, defendants moved to dismiss Johnson's Complaint on the basis that it was improperly served; that Johnson failed to state claims under the Sherman Act; that Johnson failed to state a claim under the Clayton Act; that Johnson failed to state claims for civil rights violations; that Johnson failed to state a claim for a violation of his Fourteenth Amendment due process rights; that Johnson failed to state claims for breach of contract, conversion and wrongful interference with contract. On September 30, 1998, this Court entered an order dismissing Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(5). A copy of that Order is set forth in Exhibit "E".

Johnson filed a new Complaint on March 28, 2000, eighteen (18) months after the original action had been dismissed. That Complaint was never served. Plaintiff then filed an Amended Complaint on July 14, 2000. The Amended Complaint alleges that Plaintiff is Richard Johnson Honeyshine Shoe Express Services. (Amended Complaint at ¶ 1). The caption of the Amended Complaint states that the Defendants are U.S. Equity Realty, Inc., the National Railroad Passenger Services Corp., and Amtrak 30th Street Station a/k/a 30th Street Market. Plaintiff sent a copy of the Amended Complaint, along with a Summons issued for the original Complaint in this action, to Equity and Amtrak by express mail. The Amended Complaint and the Summons for the original Complaint, were mailed to Equity at 30th Street Station, 30th and market Streets, Philadelphia, Pennsylvania, 19104; and to Defendant Amtrak at 30th Street Station, 5th Floor South Tower, Philadelphia, Pennsylvania, 19104.

The essence of Plaintiff's current Amended Complaint appears to be that he had a shoe shine service at 30th Street Station in Philadelphia, Pennsylvania, Amended Complaint at ¶ 2; that he had a lease that was terminated on March 14, 1997, *id.* at ¶ 20; that he had to make lease/rental payments because of threats of lease cancellation in December of 1996, and was also noticed with cancellation in January, February and March of 1997, *id.* at ¶¶ 36–37; that he received letters of default "requesting payment of rents on dates not with the lease agreement [,]" *id,* at ¶ 49; that he was told he had not paid his November and December 1996 rents but he stated that he was up to date, *id.* at ¶ 42; that the shoe shine service at 30th Street Station was subsequently operated by Amtrak or some third party with which Amtrak and/or Amtrak's agents allegedly merged, *id.* at ¶¶ 20–25, ¶ 27; that this new service operated from a different space, a space that Plaintiff allegedly had previously requested during the period of his lease, *id.* at ¶ 21; that Plaintiff was told that there was someone from New York who could pay more money for the shoeshine location, *id.* at ¶ 29; and Plaintiff alleges that he was placed in default on January 10, 1997 *id.* at ¶ 52.

The Amended Complaint also alleges that Plaintiff was hired by Equity for a job for Amtrak's police in September, 1996, and was paid in November with a postdated check. *Id.* at ¶¶ 50–52. He also claims that it was misrepresented to him that someone else was the private owner of his shoeshine stand, although he had allegedly acquired this sight at 30th Street

---

1. Hereafter, all references to Exhibits are to Exhibits attached to Defendants' motions.

Station as a result of abandonment. *Id.* at ¶¶ 53–56.

The averments of the Amended Complaint in the present action involve the same operative facts as the Complaint in the First Action. Paragraph 1 of the Complaint in the First Action alleges that Equity and Amtrak conspired to steal Plaintiff's business on March 14, 1997—the same date and event alleged in the Amended Complaint; and that the business went to a third party.[2] Plaintiff makes the same allegations in the First Action concerning cancellation of the lease on that date, and there being a third party who could pay a higher rent. First Action Complaint at ¶ 6. Plaintiff alleges in the First Action that the Defendants' "predatory action" resulted in his loss of income and mental distress. *Id.* at ¶ 2. Plaintiff alleges the same misrepresentation concerning the ownership and abandonment of the shoeshine location. *Id.* at ¶¶ 3–4. As in the Amended Complaint, the First Action Complaint claims violations of the Sherman Act, Sections 1 and 2, conversion, wrongful interference with business relations or contract, disparagement of reputation, along with the other claims described above, all of which were dismissed in the First Action.

In addition to the above referred to federal court actions, Johnson also initiated an action against the Defendants in the Philadelphia Municipal Court. *Johnson v. U.S. Equities Realty, Inc. and The National Railroad Passenger Corp. d/b/a Amtrak,* Philadelphia Municipal Court, Statement of Claim 990521 2133. *See* Exhibit "M". In that action, Johnson alleged that he entered into a contract to rent space for his business; that he was wrongfully billed; that he paid too much rent; that he received default notices; that his contract was terminated on March 14, 1997; and that he was entitled to monies because of these events. In that action,

judgment was entered for Defendants. *See* Exhibit "N".

 Defendant first contends that Plaintiff's claims are barred under the doctrine of claim preclusion. "Federal law of claim preclusion requires a defendant to demonstrate that there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *The Lubrizol Corp. v. Exxon Corp.,* 929 F.2d 960, 963 (3d Cir.1991), *cert. den.,* 506 U.S. 864, 113 S.Ct. 186, 121 L.Ed.2d 131 (1992). In determining whether the same cause of action is involved, the courts look to "essential similarity of the underlying events giving rise to the various legal claims." *Id.* (Citation omitted). The rationale is that a plaintiff should "present in one suit all claims for relief that he may have arising out of the same transaction or occurrence." *Id.* (citation omitted). Criteria for determining the similarity of the two actions include: (1) "whether the acts complained of were the same", (2) "whether the material facts alleged in each suit were the same", (3) "whether the witnesses and documentation required to prove such allegations were the same". *Id.* (citation omitted). The fact that new theories of recovery find their way into the second action will not prevent claim preclusion where the underlying similarities exist. *Id.*

It is clear that the Amended Complaint in the present action is barred under the doctrine of claim preclusion. This Court's Order of September 30, 1998 was a Final Judgment in the First Action. The Plaintiff and Defendant were the same. The causes of action are the same. Although Plaintiff attempts to assert a new legal theory, i.e., the RICO allegations, this new theory does not bar application of claim preclusion. The central underlying acts complained of and the material facts alleged in the First Action Complaint are found in the Amended Complaint. Both

---

**2.** Although the paragraphs in the First Action Complaint were not numbered, we have assigned numbers to them for the purpose of clarity.

actions would require the same witnesses and documentation in order to establish the same facts.

For these reasons alone, we will dismiss the Amended Complaint with prejudice.

■ In addition to the above, the Municipal Court Judgment between the same parties provides an additional basis for the application of claim preclusion as to Johnson's Amended Complaint. Where a party seeks to preclude litigation of issues in federal court which the party avers have already been decided in a state court judgment, a federal court must look to the state's law regarding collateral estoppel and issue preclusion to determine the effect the federal court should give to the state court judgment. *See Bailey v. Ness,* 733 F.2d 279, 281 (3d Cir.1984). Under Pennsylvania law, the final judgment between Johnson and Defendants in the Municipal Court action bars him from bringing the same claims in this case that were raised or that could have been raised in the Municipal Court action. *See, Urrutia v. Harrisburg County Police Dept.,* 91 F.3d 451, 461 (3d Cir.1996) (general principles of claim preclusion) (citations omitted). Therefore, any claims for payments of the same monies, based on the same facts, under whatever legal theory, are barred if they could have been raised before the Municipal Court. This includes at least Plaintiff's state law claims herein, *e.g.,* for allegedly having to pay rents that were not due, damages due for the alleged breach of lease, and tort damages arising from the alleged wrongful termination of the lease.

Therefore, the Municipal Court judgment would bar Plaintiff's present action.

Defendants also contend that the Amended Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5) for insufficient process and insufficient service of process.

■ The record demonstrates that Plaintiff improperly mailed, by express mail, a Summons and the Amended Complaint to Defendant U.S. Equity at its offices located in Philadelphia, Pennsylvania. Plaintiff also improperly mailed a Summons and Amended Complaint to Defendant Amtrak in Philadelphia, Pennsylvania. In-state service of process by mail upon a corporation is explicitly prohibited, and service may be properly effective only by hand delivery and only upon a partner, officer, agent, or manager in charge of the place of business. The service of process effected on U.S. Equity and Amtrak by mail is in direct violation to Pa.R.Civ.P. 424, which mandates service by hand delivery.

■ Also, service of process by mail in the instant case is not permissible under the Federal Rules of Civil Procedure. Under Rule 4(h)(1), the Plaintiff could have mailed a proper Summons and Amended Complaint to U.S. Equity and Amtrak only if he also delivered a copy of the Summons and the Amended Complaint to an officer, manager, or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent was one authorized by statute to receive service and the statute so required. Plaintiff, therefore, did not comply with Rule 4(h)(1) by simply mailing the Summons and the Amended Complaint to U.S. Equity and Amtrak in Philadelphia. A copy of the Amended Complaint was not delivered to any officer or agent authorized by U.S. Equity or Amtrak to accept service.

In view of the foregoing, it is unnecessary for this court to discuss Defendants' remaining reasons to dismiss the Complaint.

We therefore enter the following Order.

## ORDER

AND NOW, this ___ day of DECEMBER, 2000, upon consideration of the Motion to Dismiss the Amended Complaint filed by Defendants U.S. Equity Realty, Inc. and Amtrak on the basis of claim preclusion, and pursuant to Federal Rules

of Civil Procedure 12(b)(4), (5) and (6), it is hereby

ORDERED that said Motion be and the same is hereby GRANTED. The above-captioned case is DISMISSED with prejudice.