CLD-299                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2989
_____

SEAN DAVID WOODSON,
                         Appellant

v.

BRIAN PAYTON
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:12-cv-00302)
District Judge:  Honorable Sue L. Robinson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 27, 2012

Before: RENDELL, HARDIMAN and COWEN, Circuit Judges

(Opinion filed: November 2, 2012)
_____

OPINION
_____

PER CURIAM

        Sean David Woodson, a federal detainee currently being held at FDC

Philadelphia, appeals from an order of the United States District Court for the District of

Delaware dismissing his pro se civil rights action brought pursuant to 42 U.S.C. § 1983.

Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

Because we write primarily for the parties, we need only recite the facts necessary for our discussion. In submissions to the District Court, Woodson alleges that Payton violated his Fourth Amendment right against unreasonable searches and seizures on October 9, 2009. On that date, Woodson had reported to Payton, his probation officer in Delaware, for a regularly scheduled meeting. Payton had received notification that Woodson had charges pending against him in Maryland and took Woodson into custody. Payton confiscated an open pack of cigarettes from Woodson and found a number of Percocet pills in that pack. Payton then received permission from his supervisor to search Woodson's vehicle and recovered a loaded revolver, drug paraphernalia, and several bags of marijuana. Woodson was subsequently indicted in a one-count indictment for being a felon in possession of a firearm.[1]

In March 2012, Woodson filed this civil rights action against Payton,[2] and the District Court granted Woodson's motion to proceed *in forma pauperis*. On July 5, 2012,

---

[1] Woodson was subsequently tried and found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) & 922(e) on January 7, 2011. (United States v. Woodson, D. Del. Crim. No. 1:09-cr-117, Docket #111.) However, the District Court granted Woodson's motion for a new trial (Id., Docket #157), and Woodson is currently detained pending said trial.

[2] We note that this is not the first civil rights action Woodson has filed against Payton. In 2010, Woodson filed a nearly identical complaint against Payton. (See Woodson v. Payton, D. Del. Civ. No. 1:10-cv-925, Docket #2.) On February 1, 2011, the District

the District Court entered a Memorandum Order dismissing Woodson's complaint as frivolous and malicious pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)(1). Woodson then timely filed this appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm the District Court on any basis supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (citations omitted). Pleadings and other submissions by pro se litigants are subject to liberal construction. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

A complaint pursuant to § 1983 is "characterized as a personal injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989)); see also Wilson v. Garcia, 471 U.S. 261, 276 (1985). In Delaware, § 1983 claims are subject to Delaware's two-year statute of limitations on personal injury actions. Johnson v. Cullen, 925 F. Supp. 244, 248 (D. Del. 1996); see also Del. Code Ann. tit. 10, § 8119. Therefore, Woodson's complaint is subject to this two-year period.

While state law governs the applicable statute of limitations, federal law controls the issue of when a § 1983 claim accrues. Wallace v. Kato, 549 U.S. 384, 388 (2007).

---

Court dismissed this complaint as frivolous pursuant to 18 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)(1). (Id., Docket #12.) Woodson did not appeal this dismissal.

Accrual occurs "when the plaintiff has a complete and present cause of action." Id. (citations omitted) (internal quotation marks omitted). For purposes of § 1983 claims, the Supreme Court has held that

> [I]n order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). However, the Heck Court did not address the question of whether a § 1983 claim is cognizable if its success would imply the invalidity of a future conviction. Furthermore, Heck requires courts to make a fact-based inquiry to determine whether Heck applies to a Fourth Amendment claim. See Heck, 512 U.S. at 487 n.7.

Prior to the Supreme Court's decision in Wallace, this Court held that a claim that, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge was not cognizable under § 1983. Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996), abrogated by Wallace v. Kato, 549 U.S. 384. However, in Wallace, the Supreme Court expressly declined to hold that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside." Wallace, 549 U.S. at 393. Therefore, the cause of action accrues "'when the wrongful act or omission results in damages.'" Id. at 391(citation omitted). For example, the statute of limitations for a claim "seeking damages for a false arrest in violation of the

4

Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Id. at 397; see also Dique, 603 F.3d at 185-86 (determining that the cause of action accrues when the complainant indisputably knows about the faults of the search); Dominguez v. Hendley, 545 F.3d 585, 589 (7th Cir. 2008) ("Fourth Amendment claims for false arrest or unlawful searches accrue at the time of (or termination of) the violation.").

Here, Woodson's § 1983 claim accrued when the search and seizure occurred on October 8, 2009—in other words, the moment that Woodson indisputably knew about the alleged faults of the search and seizure. See Wallace, 549 U.S. at 397; Dique, 603 F.3d at 185-86. However, Woodson did not file his complaint until March 7, 2012,[3] well outside the limitations period.

Furthermore, we see no reason to toll the statute of limitations. Unless inconsistent with federal law, state law governs the issue of whether a statute of limitations period should be tolled. Wilson, 471 U.S. at 269; Dique, 603 F.3d at 185. In Delaware, a statute of limitations may be tolled if the "injury is inherently unknowable and the claimant is blamelessly ignorant of the wrongful act and the injury complained

---

[3] The "mailbox rule" governs the computation of time for complaints filed by pro se inmates. See Houston v. Lack, 487 U.S. 266, 276 (1988). While Houston dealt specifically with the filing of a habeas appeal, this Court has extended the Houston decision to other prisoner filings. See Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998). Here, Woodson signed his complaint on February 28, 2012, but he did not execute the certificate of service until March 7, 2012. Therefore, it appears that Woodson did not deliver his complaint to prison authorities for filing until March 7, 2012, and this Court deems his complaint filed on that date.

of." Coleman v. Pricewaterhousecoopers, LLC, 854 A.2d 838, 842 (Del. 2004).  In this case, the statute of limitations begins to run "upon the discovery of facts constituting the basis of the cause of action *or* the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of such facts."  Id. (citation omitted) (internal quotation marks omitted).  Here, Woodson's own allegations reveal that he was aware of his claim on October 8, 2009, the date of the allegedly unlawful search and seizure.  Accordingly, we agree with the District Court that Woodson's complaint is time-barred.[4]  See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002) ("As a general proposition, sua sponte dismissal is inappropriate unless the basis is apparent from the face of the complaint."); see also Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006) (citations omitted) ("A complaint may be dismissed *sua sponte* under § 1915 based on an affirmative defense—such as statute of limitations—'only when the defense is obvious from the face of the complaint and no further factual record is required to be developed.'").

_____

[4] The District Court correctly chose not to stay Woodson's civil suit during the pendency of his criminal case.  In Wallace, the Supreme Court noted, "If a plaintiff . . . files any . . . claim related to rulings that will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court . . . to stay the civil action until the criminal case . . . is ended."  Wallace, 549 U.S. at 393-94; see also Bailey v. Ness, 733 F.2d 279, 283 (3d Cir. 1984) (quoting Singleton v. City of New York, 632 F.2d 185, 193 (2d Cir. 1980)) ("[T]he better course in situations where the district court feels compelled to abstain is to stay, rather than dismiss, the § 1983 action so that the plaintiff is protected from a possible statute of limitations bar to the § 1983 suit.").  However, Woodson's complaint was already time-barred at the time of filing, and so a stay by the District Court would not have protected him.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. <u>See</u> 3d Cir. L.A.R 27.4; I.O.P. 10.6. Woodson's motion for summary reversal is denied.