**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2229
_____

JANE ANN HART,
Appellant

V.

WELLS FARGO BANK, N.A.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:21-cv-14644)
District Judge: Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 28, 2023
Before: JORDAN, KRAUSE, and BIBAS, Circuit Judges

(Opinion filed: May 4, 2023)
_____

OPINION[*]
_____

KRAUSE, *Circuit Judge*

    Appellant Jane Hart appeals the District Court's dismissal of her complaint against

Appellee Wells Fargo. Because the District Court correctly held that collateral estoppel

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

barred Hart's claims, we will affirm.

## I.   DISCUSSION[1]

Hart contends the District Court erred in applying collateral estoppel because Wells Fargo failed to establish, as was required under New Jersey law,[2] that: (1) the New Jersey Superior Court's prior judgments in Wells Fargo's foreclosure suit against Hart were final; (2) the Superior Court's determination of the issues Wells Fargo now seeks to preclude were essential to these prior judgments; and (3) applying collateral estoppel was equitable.[3]  *Olivieri v. Y.M.F. Carpet, Inc.*, 186 N.J. 511, 521–22 (N.J. 2006).  We are unpersuaded.

First, Hart argues that because the Superior Court's various judgments culminated in the dismissal of Wells Fargo's foreclosure suit without prejudice, these judgments were not "final" or "appealable" in the most technical sense and collateral estoppel cannot apply.  But collateral estoppel "does not require the entry of a judgment, final in

---

[1] The District Court had subject-matter jurisdiction under 28 U.S.C. § 1332(d)(2). We have appellate jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's decision to apply collateral estoppel is plenary. *Jean Alexander Cosms., Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 247–48 (3d Cir. 2006).

[2] Wells Fargo sought to preclude litigation of Hart's claims based on the judgments it obtained in its New Jersey Superior Court foreclosure suit against Hart, so we look to New Jersey law on collateral estoppel to determine the preclusive effect New Jersey would give these judgments. *Bailey v. Ness*, 733 F.2d 279, 281 (3d Cir. 1984).

[3] In addition, the doctrine requires: (1) the issue to be precluded be identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; and (3) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding. *Olivieri*, 186 N.J. at 521.  Hart failed to raise, and therefore forfeited, any challenge to the District Court's holdings with respect to these elements, however. *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017).

2

the sense of being appealable."[4] *In re Brown*, 951 F.2d 564, 569 (3d Cir. 1991) (applying New Jersey law). Rather, it requires that "any prior adjudication of an issue in another action . . . be sufficiently firm to be accorded conclusive effect." *Id.* And in determining whether the resolution of an issue was sufficiently firm, courts consider "whether the parties were fully heard, whether a reasoned opinion was filed, and whether that decision could have been, or actually was, appealed." *Id.*

The Superior Court's detailed opinions here meet this threshold. Those opinions— which together run over forty pages in length and are informed by full briefing and argument—explain why, under the relevant legal standards, Hart's claims were futile in the first instance and repetitious in the second. They thus reflect the requisite "appreciation of the relevant facts and familiarity with the applicable law" to be sufficiently firm.[5] *Id.* at 570.

Second, the Superior Court's rulings on the issues Wells Fargo now seeks to preclude were "critical to [its] judgment[s]." *Nat'l R. R. Passenger Corp. v. Penn. Public*

---

[4] In any event, as the District Court correctly found, the issue here was appealable via an interlocutory appeal. Interlocutory appeals are discretionary and allowed under New Jersey Law "in the interest of justice," N.J. Ct. R. 2:2-4, or where there are other extraordinary circumstances. *Caggiano v. Fontoura*, 804 A.2d 1193, 1201 (N.J. Super. 2002). Here, while Hart argues that an interlocutory appeal may have been denied, it was nonetheless a possible avenue of appeal.

[5] Even if they were not, "the fact that [a] decision was not actually appealable is of little consequence," where a party's asserted argument failed as a matter of law, *Burlington N. R. Co. v. Hyundai Merch. Marine Co., Ltd*, 63 F.3d 1227, 1233 n.8 (3d Cir. 1995), and, as the Superior Court recognized in its first opinion, Hart's claims lacked merit because Hart's mortgage agreement unambiguously allowed Wells Fargo to charge property inspection fees and because Hart had suffered no harm as the fees had never been added to the amount due on her account.

*Util. Comm'n*, 288 F.3d 519, 527 (3d Cir. 2002) (internal quotation and citation omitted).
Its determination that Hart's claims lacked merit were not dicta; they formed the basis for
the Superior Court's denial of her motion to amend and thus were "essential to the prior
judgment." *Olivieri*, 186 N.J. at 521.

Finally, it is not inequitable to apply collateral estoppel in this case, and Hart
offers no meaningful argument to the contrary. Considerations relevant to the fairness of
applying collateral estoppel include "conservation of judicial resources; avoidance of
repetitious litigation; and prevention of waste, harassment, uncertainty and
inconsistency." *Allen v. V & A Bros.*, 208 N.J. 114, 138 (N.J. 2011). But Hart failed to
discuss any of these. Instead, she simply repackaged and reasserted her prior arguments,
so we cannot agree that the equities weigh against the doctrine's application here.

II.    CONCLUSION[6]

For the foregoing reasons, the District Court did not err in dismissing Hart's
claims, and we will affirm its judgment.

---

[6] Wells Fargo raised several other reasons as to why our Court should dismiss, but we do
not address these arguments because we affirm the District Court's application of
collateral estoppel.